IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **Hector Lopez** )<br>)<br>    Petitioner, )<br>)<br>    vs. )<br>)<br>**United States of America,** )<br>)<br>    Respondent. )<br>)<br>)<br>) | )<br>)<br>)<br>)<br>)<br>) **Civ. No. 16-00352 ACK-KJM**<br>) **Cr. No. 97-01117 ACK (02)**<br>) |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Hector Lopez filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). For the reasons set forth below, the Court hereby DENIES Petitioner's Motion, Doc. No. 322.

**PROCEDURAL BACKGROUND**

On October 8, 1997, Petitioner was charged by a federal grand jury with conspiracy to distribute more than 1 kilogram of heroin, relieving and assisting co-defendant Francisco Davalos in the use and possession of a firearm during and in relation to a drug trafficking crime which resulted in the murder of Arturo Renteria-Hernandez, and carrying and using a firearm during and in relation to a drug trafficking crime and causing the first degree murder of Renteria-Hernandez.  Doc. No.

1. On July 29, 1998, the indictment was superseded to charge Petitioner with: Count 1: Conspiracy to Distribute 1 Kilogram or More of Heroin; Count 2: Conspiracy to Distribute More Than 100 Grams of Heroin; Count 4: Rendering Aid and Comfort to Francisco Davalos Knowing that Davalos Had Committed the Murder of Arturo Renteria-Hernandez; and Count 5: Carrying and Using a Firearm During and in Relation to the Count 2 Drug Trafficking Conspiracy, and in the Course of that Violation Committing the First Degree Murder of Armando Renteria-Hernandez.  Doc. No. 207.

On September 25, 1998, following a 9-day jury trial, Petitioner was convicted of Counts 1, 2, 4, and 5.  Doc. No. 247.  On April 19, 1999, Petitioner was sentenced to a term of imprisonment of 151 months for Counts 1, 2, and 4, to be served concurrently, and life imprisonment for Count 5, to run consecutive to the 151 month sentence for the other counts.  Doc. No. 271.

Petitioner filed a Motion for Reduction of Sentence on July 2, 2015.  Doc. Nos. 314-315.  The Court denied the Motion on October 23, 2015, finding Petitioner ineligible for a sentence reduction pursuant to Amendment 782 of the Sentencing Guidelines.  Doc. No. 321.

On June 22, 2016, Petitioner, proceeding pro se, mailed to this Court the instant Motion.  On July 8, 2016, the

2

Court issued a Minute Order appointing the Federal Public Defender as counsel to represent Petitioner. Doc. No. 323. On July 13, 2016, the Court received a letter from the Federal Public Defender's Office, stating the office would not be filing any other pleadings on Petitioner's behalf. Accordingly, on July 13, 2016, the Court issued a Minute Order removing the Federal Public Defender as counsel for Petitioner and allowing Petitioner to proceed with his case pro se. Doc. No. 324. The Court directed the United States to file a response to Petitioner's Motion by August 4, 2016 and allowed Petitioner to file an optional reply by August 18, 2016.

On August 3, 2016, the United States filed its Response in Opposition to Defendant's Motion. Doc. No. 327. Petitioner did not file a reply.

## **STANDARD**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A court shall hold an evidentiary hearing on a motion under Section 2255 "[u]nless the motion and the files and

3

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  As discussed below, the Court finds that Petitioner's arguments lack merit.  Because the record conclusively shows that Petitioner is not entitled to relief, a hearing is not warranted in this case.

## DISCUSSION

**I.  Defendant Does Not Qualify for Relief Under <u>Johnson v. United States</u>**

Petitioner argues that he qualifies for relief pursuant to the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2016).  In <u>Johnson</u>, the Court held that imposing a sentence pursuant to the "residual clause" of the Armed Career Criminal Act ("ACCA") of 1984 is unconstitutional.  <u>Id.</u> at 2557-58.  Pursuant to the ACCA, defendants in illegal firearms cases who have previously been convicted three or more times for "violent" felonies, face tougher sentences.  <u>Id.</u> at 2555.  The definition of a "violent" felony includes any felony that "involves conduct that presents a serious potential risk of physical injury to another."  <u>Id.</u> (quoting 18 U.S.C. § 924(e)(2)(B)).  This portion of the definition of a "violent" felony is known as the Act's "residual clause."  <u>Johnson</u>, 135 S.Ct. at 2556.  In <u>Johnson</u>, the Supreme Court determined that the residual clause was unconstitutionally vague.  <u>Id.</u> at 2557-58.

Here, Petitioner's sentence was not enhanced pursuant to the ACCA. Petitioner was sentenced to life imprisonment under Count 5 based on his conviction pursuant to 18 U.S.C. § 924(j) for the charge of using a firearm during the commission of a drug offense resulting in death. As noted in the Presentence Report, the applicable section of the Sentencing Guidelines was Section 2A1.1. Doc. No. 283. While a conviction under 18 U.S.C. § 924(j) included a mandatory minimum 5-year sentence, under Section 2A1.1, because the conviction involved use of a firearm during a drug trafficking offense that resulted in the commission of murder in the first degree, the base offense level was 43. As stated in the Presentence Report, offense level 43, even with Petitioner's criminal history category of I, resulted in a life sentence under the guidelines. This was the sentence imposed by the Court on Count 5. Petitioner was also sentenced to a consecutive 151-month term of imprisonment on Counts 1, 2, and 4 based on his drug convictions.

Petitioner's life sentence and consecutive 151-month term of imprisonment were not based on the ACCA nor was his sentence based on any definition of a crime of violence. Moreover, Petitioner has not asserted any argument demonstrating that the elements of the statutes for which he was convicted are

unconstitutionally vague.  Accordingly, Petitioner is not entitled to relief under Johnson.

## II. Certificate of Appealability

Because the Court denies Petitioner's Section 2255 motion, the Court must address whether a certificate of appealability should issue.  See R. 11(a), Rules Governing Section 2255 Proceedings.  A certificate of appealability may only issue "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant, under this standard, must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. MacDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citation omitted).  Based on the above analysis, the Court finds that reasonable jurists could not find the Court's ruling debatable.  Thus, the Court denies the issuance of a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner's Section 2255 Motion and DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 12, 2016.



_____
Alan C. Kay
Sr. United States District Judge

Lopez v. United States of America, Civ. No. 16-00352 ACK-KJM, Cr. No. 97-01117 ACK (02) Order Denying Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence